UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

KAREN BOYD,                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        3:05-cv-184-WGH-RLY
                                     )
TOYOTA MOTOR MANUFACTURING,          )
INDIANA, INC.,                       )
                                     )
            Defendant.               )

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

### I.    Introduction

This matter is before the Court on Defendant Toyota Motor Manufacturing Indiana, Inc.'s Motion for Partial Dismissal filed October 11, 2005.[1]  (Docket Nos. 7, 8).  Plaintiff filed her Response on December 2, 2005.  (Docket No. 16).  Defendant's Reply to Plaintiff's Response was filed on December 6, 2005.  (Docket No. 17).

### II.   Factual and Procedural Background

Plaintiff, Karen Boyd, was hired by Defendant in June 2002.  (*See* Complaint at Exh. 2).  She alleged in her amended charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") that, some time after being

---

[1]This matter is before this Magistrate Judge pursuant to the consent of counsel and the order of reference entered by the Honorable Richard Young, District Judge, on January 10, 2006.  (Docket No. 20).

hired by Defendant, several employees of Defendant engaged in sexually harassing behavior and contributed to a hostile atmosphere. (*Id.*) She further claimed that this atmosphere led to her eventual transfer to another manufacturing line within the factory. (*Id.*) Plaintiff alleged in her amended EEOC charge that, after her transfer to another line, she was unable to perform the physical requirements of the job and was thereafter scheduled to return to her previous manufacturing line, and that this amounted to a constructive discharge because she would be subjected to the same harassment as before. (*Id.*)

Plaintiff then brought suit in this case claiming that she was the victim of discrimination based on her gender and her disability and claiming that she was retaliated against for bringing these discrimination claims. Defendant seeks to dismiss a portion of Plaintiff's claims for failure to exhaust her administrative remedies. Specifically, Defendant argues that Plaintiff's claims of disparate treatment and sex discrimination should be dismissed because they were not properly set out in Plaintiff's amended EEOC charge. The Court agrees and, therefore, concludes that Plaintiff's claims of sex discrimination and disparate treatment must be dismissed.

## III.  Legal Standard

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded factual allegations contained in the Complaint, as well as the inferences reasonably drawn therefrom. *See Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 730 (7th Cir. 1994). A dismissal

is only appropriate if the plaintiff can establish no set of facts, even if hypothe-
sized, consistent with the allegations of its complaint that would entitle it to relief.
See *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251
(7th Cir. 1994), *cert. denied,* 516 U.S. 1159 (1996).  Moreover, the court must only
examine the complaint, and not the merits of the lawsuit.  *See Autry v. Northwest
Premium Services, Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998).

## IV.    Analysis

Plaintiff brought her claims of gender-based discrimination under Title VII of
the Civil Rights Act of 1964.  42 U.S.C. §§ 2000e *et seq.*  Under Title VII it is
unlawful for an employer "to fail or refuse to hire or to discharge any individual, or
otherwise to discriminate against any individual with respect to his compensation,
terms, conditions, or privileges of employment, because of such individual's race,
color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.  In order to bring a
claim of discrimination, an individual must first "file a timely charge with the
EEOC encompassing the acts complained of as a prerequisite to filing suit in
federal court."  *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 863 (7th Cir 1985).
Hence, a plaintiff attempting to bring a claim of discrimination cannot bring such
a claim if it was not included in her amended EEOC charge.  *Cheek v. Western and
Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994).  Put another way, an
individual may not allege certain discriminatory acts to the EEOC and then seek
judicial review for others.  *Rush v. McDonald's Corp.,* 966 F. 2d 1104, 1110 (7th
Cir. 1992).  The purpose of this requirement is two-fold:  it gives the EEOC and

the employer an opportunity to settle the dispute, and it puts the employer on notice of any charges against it. *Id.* Although this rule is not jurisdictional, it does provide a condition precedent with which Title VII plaintiffs must comply. *Babrocky,* 773 F.2d at 864.

Because many people who bring EEOC charges do so without the assistance of counsel, the courts have concluded that allegations in a complaint are permissible so long as they are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir. 1976)(en banc). However, the Seventh Circuit has concluded that:

> Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination. The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*.

*Cheek,* 31 F.3d at 501 (emphasis in original). It is with this principle in mind that the Court in *Cheek* concluded that "[o]rdinarily, a claim of sexual harassment cannot be reasonably inferred from allegations in an EEOC charge of sexual discrimination." *Id.* at 503.

In this case, the conduct that is described in the amended EEOC charge involves sexual harassment and retaliation. Specifically, the amended EEOC charge lists harassing behavior by Jeremy Harris, John Boyer, John Jullian, Brian Ashton, Billy Wagner, and Tim Taylor, and describes (1) an initial failure by

- 4 -

Plaintiff's superiors to take action, and (2) a movement of Plaintiff throughout the Toyota plant that Plaintiff alleges was done in retaliation for her complaints.  In fact, Plaintiff concluded her amended EEOC charge by explaining:  "I believe that I have been sexually harassed and exposed to a sexually offensive work environment because of my sex, Female, and that after complaining of this, that I was retaliated against by being moved around and constructively discharged. . . ." (*See* Complaint at Exh. 2).

Despite her amended EEOC charge being limited to claims of harassment and retaliation, Plaintiff's Complaint raised issues of discrimination and disparate treatment.  Specifically, Plaintiff alleges in her Complaint that she was treated "differently from and worse than male employees including a failure to recognize the performance and the fine record of Plaintiff and recognize her superior effort and ability and prior management experience and her results and prepare her for and give her promotional opportunities provided male employees."  (Complaint, ¶ 12).  These charges of discrimination and disparate treatment are outside the scope of Plaintiff's amended EEOC charge, and they, therefore, must be dismissed. There is no "factual relationship" between Plaintiff's claim of sexual harassment and her claims of sexual discrimination and disparate treatment.  *Cheek,* 31 F.3d at 501.  First, Plaintiff's claim of harassment and her allegations concerning her superiors' response to the harassment do not concern the same facts and people that a claim of failure to promote concerns.  Additionally, Plaintiff's amended EEOC charge does not set forth any instances of disparate treatment where males

were treated one way and she was treated differently.  Because the claim of sexual

harassment in Plaintiff's amended EEOC charge is not "like or related to" the

claims of sexual discrimination and disparate treatment in her Complaint, Plain-

tiff's claims of discrimination for failure to promote and of disparate treatment

should be dismissed.

**V.      Conclusion**

For the reasons outlined above, Defendant's Motion for Partial Dismissal is

**GRANTED.**  Plaintiff's claims of sexual discrimination and disparate treatment are

**DISMISSED.**

**SO ORDERED.**

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Dated:**  01/19/2006

**Electronic copies to:**

Virginia M. O'Leary
O'LEARY & ASSOCIATES
oleary@gibsoncounty.net

Darlene Carole Robinson
robinso@direcway.com

Jeffrey A. Savarise
GREENEBAUM DOLL & McDONALD
jas@gdm.com

Katherine A. Hessenbruch
GREENEBAUM DOLL & McDONALD
kah@gdm.com

Jerry D. Stilwell
BAMBERGER FOREMAN OSWALD
 & HAHN
jstilwell@bamberger.com